

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMPUTER ASSOCIATES INTERNATIONAL, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0177** |
| **ALTON OSCHNER MEDICAL FOUNDATION** | **SECTION "T" (3)** |

This cause came for hearing on a previous date upon the Motions of the Plaintiff to Dismiss the Defendant's counterclaims and affirmative defense pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure ("FRCP"). The Court, having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises and ready to rule.

## ORDER AND REASONS

**I.   Background**

The Plaintiff, Computer Associates International, Inc. ("CAI"), allegedly made an agreement by accepting a purchase order from Alton Ochsner Medical Foundation ("Ochsner") for computer



DATE OF ENTRY
MAY 2 6 2000

software and services. The original order from Ochsner was accepted by CAI on or around March 30, 1996, and allegedly required that Ochsner pay $450,000 in three annual $150,000 installments on March 30 of 1996, 1997, and 1998. CAI and Ochsner agree that only $150,000 plus tax in the amount of $9581.25 due for the first installment has been paid. CAI brought this suit for payment of the remainder as well as for legal interest. However, Ochsner offers multiple counterclaims and affirmative defenses including, *inter alia*, breach of contract, redhibition, and warranty, as well as the presently challenged failure to deliver the thing sold, unjust enrichment, and prescription or peremption. Generally, Ochsner claims that CAI's software was either so faulty or inadequate that Ochsner owes CAI no further payment and that Ochsner has, in fact, suffered damages as a result of the agreement and transaction.

CAI is a Delaware corporation, having its principal place of business in New York. Ochsner is a corporation organized and existing under the laws of the State of Louisiana, having its principal place of business in Jefferson, Louisiana. Thus, this claim was properly brought in federal court under 28 U.S.C. § 1332.

Pursuant to Rule 12(b)(6) of the FRCP, CAI has moved to dismiss two of Ochsner's counterclaims, the failure to deliver the thing sold listed in Paragraphs 51-53 of the counterclaim, and the unjust enrichment claim listed in Paragraphs 57-59 of Ochsner's counterclaim. Also, CAI has moved under Rule 12(f) of the FRCP to strike as insufficient Ochsner's affirmative defense of prescription/peremption listed in Paragraph 26 of that counterclaim.

II.  **Legal Analysis**

   A. *Motions to Dismiss for Failure to*
   *State a Claim Upon which Relief can be Granted*

A motion to dismiss under Rule 12(b)(6) of the FRCP "is viewed with disfavor and is rarely granted." Lowrey v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997); Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980). A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey, 117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1357, at 601 (1969)).

"The issue is not whether a Plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims." Doe v. Hillsboro Independent School Dist., 81 F.3d 1395, 1401 (5th Cir. 1996). Therefore, no matter how improbable the facts alleged are, they must be accepted as true for the purposes of a motion to dismiss pursuant to Rule 12(b)(6) of the FRCP. See Neitzke v. Williams, 490 U.S. 319 (1993). According to that standard, CAI has not shown that the Ochsner has failed to state a claim upon which relief can be granted.

Here, Ochsner has stated several alternative claims for relief: breach of contract, redhibition, warranty, failure to deliver the thing sold, declaratory relief, and finally unjust enrichment. CAI

seeks to dismiss for failure to state a claim only two of these claims: failure to deliver the thing sold and unjust enrichment.

Assuming, as the law requires, that Ochsner can prove that CAI did not deliver the software and services as promised or that the software was so defective as to be unfit for its intended use, then Ochsner would have a claim under Article 2603 of the Louisiana Civil Code for failing to deliver the thing sold. Moreover, as an alternative pleading, it is entirely possible, regardless of whether it is probable, that Ochsner could later develop facts sufficient to support this claim and that this claim could become necessary to Ochsner's case.

Likewise, an unjust enrichment claim is not factually impossible. Although Louisiana Civil Code Article 2298 does declare that unjust enrichment is a subsidiary remedy, it is not "beyond doubt" that Ochsner could and may have to eventually rely on that subsidiary cause. Viewed in the most favorable light for Ochsner, if all other counterclaims failed, then unjust enrichment could be the only available remedy and thus be allowed.

While the Court is not yet convinced that the Plaintiff has a cause of action on either of these claims, Rule 12(b)(6) of the FRCP and its subsequent jurisprudence require that Ochsner be allowed the opportunity to present these claims.

Accordingly, CAI's Motions to Dismiss must be **DENIED**.


B. *Motion to Strike as Insufficient*

Rule12(f) of the FRCP provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike a defense as insufficient are not favored by the courts and have been held to require that the defense is insufficient as a matter of law. See Kaiser Aluminum, 677 F.2d at

1057. Moreover, motions to strike are often not granted in the absence of a showing of prejudice to the moving party, especially where there are disputed issues of fact or law. See 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1381 (1990). Consequently, this Court will not strike Ochsner's affirmative defense of prescription.

This case is primarily grounded in contract, and, therefore is subject to the liberative prescription of ten years. Prescription is always a consideration in any case and is mandated by the Louisiana Civil Code. Although, on its face, an agreement or contract executed in 1996 would certainly not have prescribed in 2000, prescription is a valid legal defense in Louisiana. Moreover, Ochsner denies some of the allegations relating to the time and nature of the agreement in Paragraphs 5-7 of its counterclaim. There could be some factual or legal dispute as to the nature of the claim or the time that prescription began to toll. However, the Court need not investigate the merits of that claim as those will be addressed at a later time. Whereas CAI has nothing to gain by striking Ochsner's prescription claim because the facts will render it either applicable or moot upon their further discovery, Ochsner would lose a defense that Louisiana law otherwise allows. Therefore, the defense of prescription and peremption are not insufficient under Rule 12(f) of the FRCP and will not be stricken from Ochsner's counterclaim.

Accordingly, CAI's Motion to Strike must be **DENIED**.

### III. Conclusion

In summary, the Court has found that it would be inappropriate to dismiss the Defendant's claims or strike as insufficient the Defendant's affirmative defense at the present time.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion to Strike and Motion to Dismiss (Doc. 5) be, and the same hereby are **DENIED**.

New Orleans, Louisiana, this _26th_ day of May, 2000.

_____
G. Thomas Porteous, Jr.
United States District Judge